TORRES, PLAINTIFF AND APPELLANT, *v.* RAMÍREZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action for Malicious Prosecution.

No. 1515.—Decided March 5, 1917.

MALICIOUS PROSECUTION—PROBABLE CAUSE—ADVICE OF COUNSEL.—One of the essential elements in an action for malicious prosecution is lack of probable cause, because the law protects a man against an action for malicious prosecution if, before he complains of another, he makes a full and fair disclosure of all the facts to an attorney of good reputation and in active practice and the latter, in good faith, advises the client that he has cause to have the alleged offending person arrested.

ID.—ID.—ADVICE OF COUNSEL—CRIMINAL INTENT.—The parties were having a dispute with respect to the ownership of a piece of land and the plaintiff, maintaining that it was his, gathered coconuts from the palms on the disputed property and converted them to his own use. The defendant, believing in good faith that the plaintiff had taken the coconuts in defiance of the former's rights and warning, consulted an attorney and as a result of his advice charged the plaintiff with larceny and had him arrested. *Held:* That although the arrest was unusual and extraordinary, inasmuch as the ownership of the property was in dispute and the attorney should have known of the lack of criminal intent and the impossibility of securing a conviction, the client was protected by the unsound advice of his counsel; and the plaintiff cannot benefit by the fact that the defendant, when testifying as a witness for the plaintiff, admitted that he had a good opinion of the latter and that even before the arrest he had not considered him a thief but only a person acting with temerity, for the defendant was not bound to communicate such impression to his attorney but merely all the material facts known to him.

The facts are stated in the opinion.

Messrs. *José Martínez Dávila* and *Pedro Gómez Laserre* for the appellant.

*Messrs. Francis & Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the court below found that the appellant, as complainant in a suit for malicious prosecution, proved but one of the elements of his case. We think that he principally failed to prove one, namely, the lack of probable cause, and that is because the law protects a man against a suit for malicious prosecution if, before he complains of another, he makes a full and fair disclosure of all the facts to an attorney, let us say, in active practice and of fair reputation, and the latter in good faith advises the client that he has cause to have the alleged offending person arrested. We think the attorney in this case had very little justification in advising his client to proceed, but we cannot say, after the decision of the court below, that the defendant has not met and overcome the proof of complainant and appellant tending to show a lack of probable cause.

The parties were having a dispute with respect to the ownership of a piece of land and the complainant, maintaining that it was his own, gathered coconuts from palms on the disputed territory and converted them to his own use. The defendant consulted his attorney and there was proof tending to show that with this consultation as a basis, complainant was arrested at the instance of the defendant, charged with larceny. Of a full disclosure there can be no doubt, because, besides the communication made by the client, the evidence showed that the attorney himself intervened in some of the essential steps of the controversy, and especially with regard to the dividing points. The attorney stated on the stand, moreover, that as stated by his client originally, the complainant had claimed the property, but at a later time had admitted that there was a certain line to which his land extended. It is clear from the proof that the coconut palms were on the other side of the line away from the undisputed farm of complainant, although of course we give no opinion as to whom the disputed portion really belonged. Whether in

point of fact it belonged to complainant or defendant makes no difference. The defendant in good faith believed and maintained that the said disputed property was his and complainant vouched for him by making him his own witness. Under these circumstances, the fact that defendant admitted on the stand that he had a good opinion of the complainant and even before the arrest had not considered him a thief but only a person acting with temerity (un temerario), cannot avail the appellant. We cannot go so far as to maintain that the client was bound to communicate his impression that he did not believe Torres to be a thief, but only all the material facts known to him. The lawyer may be presumed to have known that Ramírez did not consider Torres a thief in the ordinary sense of the word. Ramírez believed that Torres was taking coconuts in defiance of the rights and warning of Ramírez and he was supported by counsel. It is most unusual and extraordinary to arrest a man for theft where there is a dispute over boundaries, and any lawyer ought to know the lack of a criminal intent in such case and the impossibility of securing a conviction, but the client is protected by the bad advice of his counsel and the judgment must be

Affirmed.

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.